# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**VICTOR LAMONT BIBLE**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:05-CR-47**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

In an Indictment filed June 2, 2009 in Case No. 1:09-CR-161, defendant is charged with assaulting his federal probation officer in this district who was engaged in the performance of his duties. Defendant was on supervised release at the time in Case No. 1:05-CR-47 and is charged with, among other things, possessing a quantity of cocaine at the same time. Defendant has a lengthy criminal record dating back to 1990 which is marked in particular by episodes of violence and disregard of police authority. Defendant has (continued on attachment)

## Part II - Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that there is a condition or combination of conditions that will assure the safety of the community in light of his attack on the probation officer. Anyone on supervised release or released on bond must be supervised by federal employees, who simply cannot do their job if they are physically attacked in the performance of their duties. Notwithstanding defendant's bad back, he had the wherewithall to struggle with two officers when he felt it in his interest to do so.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 30, 2009

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Victor Lamont Bible
1:05-CR-47
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) - (continued)**

> three separate convictions for resisting and obstructing police officers, as well as separate convictions for disturbing the peace, malicious destruction of property, aggravated assault (2) and a failure to appear.
>
> In October 2005, defendant was convicted in this court of being a felon in possession of a firearm and sentenced to three years custody. He was released from the Bureau of Prisons in May 2008 and arrested several months later for domestic violence against a girlfriend. The domestic violence case was started and stopped twice and ultimately dismissed on February 3, 2009. In that incident, defendant was allegedly involved in a physical altercation with his ex-girlfriend in which he grabbed her and attempted to throw her off a porch, resulting in injuries.
>
> The present incident arose a couple months later when defendant was stopped by his federal probation officer and a Kalamazoo police officer in front of a store during a field visit. The probation officer found what appeared to be a baggie of cocaine in his belongings that had been on his person and when the defendant, who was in the process of being patted down by the police officer, saw that the probation officer had found the baggie of suspected cocaine, lunged at the probation officer, grabbed his wrist, and pried the baggie out of his hand and threw it into a group of people where it disappeared. The defendant continued to struggle with one or both officers on the ground until a third officer arrived and threatened to taser him. Defendant said afterwards he was intending to smoke the crack cocaine that evening. Defendant now says he made these statements sarcastically and denies the struggle.
>
> Defendant has been suffering for some time (from at least prior to September 2008) from low back pain radiating down both legs which may require a decompressive lumbar laminectomy.

**Part II - Written Statement of Reasons for Detention - (continued)**